IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHON ROBERT HOPWOOD,                    )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Civil Action No. 1:25-cv-4214-SLS
                                        )
JILL COCKSON                            )
                                        )
        Defendant.                      )

**PLAINTIFF'S MOTION TO SUPPLEMENT THIRD AMENDED
COMPLAINT WITH EXECUTED SIGNATURE PAGE**

Plaintiff Shon Robert Hopwood respectfully moves for leave to supplement the Third

Amended Complaint with the attached executed one-page signature page bearing Mr. Hopwood's

handwritten signature. This motion cures the signature objection Defendant previously raised and

does so without altering any factual allegation, claim for relief, or other substantive aspect of the

Third Amended Complaint.

In support, Plaintiff states as follows:

Plaintiff Shon Robert Hopwood is currently incarcerated at the D.C. Central Detention

Facility and proceeds pro se in this civil action. The Third Amended Complaint itself explains that,

because of the restrictions his custody places on his ability to communicate with courts and

counsel, Mr. Hopwood acts through Joshua Boyer, his duly designated attorney-in-fact, who

performs ministerial functions including basic research, typing, and filing at Mr. Hopwood's

direction.

On March 31, 2026, Plaintiff filed the Third Amended Complaint in this action.

At the time of filing, the practical burdens created by Mr. Hopwood's confinement at the

D.C. Central Detention Facility made it difficult to obtain and return a wet-ink signature page in

time to finalize and file the pleading without risking further delay. As an incarcerated pro se

RECEIVED

MAY 19 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

litigant, Mr. Hopwood does not have direct access to CM/ECF, cannot transmit signed pleadings electronically on demand, and must rely on institutional procedures governing legal mail, document delivery, attorney or legal visits, and telephone access to review drafts, communicate revisions, and return executed papers.

Those constraints are not abstract. Every revision to a pleading must be communicated through the limited channels available to a jail detainee, then physically transmitted back and forth for review and signature. Delays can arise from housing restrictions, movement limitations, scheduling constraints on legal communications, mail processing times, and the simple fact that an incarcerated litigant cannot immediately receive, sign, scan, and return a filing the way a non-incarcerated litigant can.

Because of those detention-related constraints, Joshua Boyer signed and filed the Third Amended Complaint on Plaintiff's behalf in his capacity as limited power of attorney, acting ministerially and at Plaintiff's direction, so that the operative pleading could be timely placed before the Court. The Third Amended Complaint already discloses that arrangement and explains Mr. Boyer's ministerial role in assisting Plaintiff's prosecution of this case while Plaintiff remains confined in the D.C. Central Detention Facility.

Defendant previously complained that Mr. Boyer had signed on Plaintiff's behalf rather than Plaintiff personally signing the pleading, as required for a pro se litigant. Plaintiff does not seek to litigate that procedural issue further. Instead, he now tenders the clean cure the Rules contemplate: a one-page signature page personally executed by Mr. Hopwood on April 7, 2026, for attachment to and incorporation into the Third Amended Complaint.

Federal Rule of Civil Procedure 11(a) provides that every pleading must be signed by the party personally if the party is unrepresented, but it further provides that "[t]he court must strike

an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." This motion and the attached executed signature page do exactly that—they promptly correct the alleged omission by supplying Mr. Hopwood's personal signature.

The requested relief is purely formal. Plaintiff does not seek to amend any factual allegation, add any claim, withdraw any claim, or otherwise modify the substance of the Third Amended Complaint. Plaintiff asks only that the Court accept and docket the attached executed signature page as a supplement to the Third Amended Complaint so that the pleading reflects Mr. Hopwood's personal signature notwithstanding the logistical constraints that accompanied its filing from detention.

Granting this motion will not prejudice Defendant in any respect. The Third Amended Complaint already placed Defendant on notice of Plaintiff's claims and the factual grounds supporting them, and the additional one-page signature page changes none of that. It merely removes a technical objection and allows the case to proceed on the merits rather than on a curable issue arising from the realities of jail-based litigation.

The circumstances here also underscore why supplementation is appropriate. Plaintiff's incarceration has already complicated his ability to litigate, and the Third Amended Complaint alleges that efforts to communicate and litigate through his attorney-in-fact have themselves been targeted and disrupted. In that setting, insisting on strict formal perfection without allowing a prompt signature-page cure would elevate form over substance in a way Rule 11(a) does not require.

For those reasons, Plaintiff respectfully requests that the Court grant leave to supplement the Third Amended Complaint with the attached executed one-page signature page and deem the Third Amended Complaint signed by Plaintiff personally.

3

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

A. Granting this motion;

B. Directing the Clerk to docket the attached one-page executed signature page as a supplement to the Third Amended Complaint;

C. Deeming the Third Amended Complaint signed by Plaintiff upon filing of that executed signature page; and

D. Granting such other and further relief as the Court deems just and proper.

Dated: April 7, 2026

Respectfully submitted,

/s/ Shon Robert Hopwood
Shon Robert Hopwood
Plaintiff, pro se
D.C. Central Detention Facility
1901 D Street, S.E.
Washington, D.C. 20003

4

Signature Page for Amended Complaint

Signed by:

Shon Hapwood

April 7, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2026, I caused a true and correct copy of the foregoing Plaintiff's Motion to Supplement Third Amended Complaint with Executed Signature Page, together with the attached one-page signature page, to be served upon counsel via email and first class mail for Defendant as follows:

Michelle S. Kallen (Bar No. 1030497)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
mkallen@steptoe.com

Joseph M. Sanderson (Bar No. NY0560)
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: (212) 506-3900
Facsimile: (212) 506-3950
josanderson@steptoe.com

/s/ Shon Robert Hopwood
Shon Robert Hopwood
Shon Robert Hopwood
Plaintiff, pro se
D.C. Central Detention Facility
1901 D Street, S.E.
Washington, D.C. 20003

5