**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SHON ROBERT HOPWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-4214-SLS |
| | ) | |
| JILL COCKSON | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF HOPWOOD'S MOTION FOR A THIRTY-DAY EXTENSION OF TIME TO FILE REPLY IN SUPPORT OF HIS MOTION FOR SANCTIONS AND EXPEDITED DISCOVERY**

Plaintiff Hopwood, proceeding pro se, respectfully moves for a thirty-day extension of time, through and including September 27, 2026, to file his reply in support of his pending Motion for Sanctions and Expedited Discovery.

Plaintiff initially mailed a request for an extension on or about August 3, 2026, at approximately the same time that he filed his opposition to Defendant's Motion to Dismiss. Plaintiff remains incarcerated at the D.C. Jail, where he has experienced significant delays in sending and receiving mail. After reviewing the docket, Plaintiff discovered that the August 3, 2026, request was not docketed. Plaintiff does not know why the earlier mailed request was not docketed. Plaintiff therefore submits this renewed request promptly so that the Court will receive and consider his request for additional time.

Good cause exists for the requested extension. Plaintiff's criminal-defense counsel is seeking to have unsealed, and to obtain the transcript from, a December 15, 2025 hearing before the Honorable Errol Arthur in the Superior Court of the District of Columbia. The transcript is material to Plaintiff's pending Motion for Sanctions and Expedited Discovery and is expected to provide important evidence bearing upon the issues raised by that motion.

RECEIVED
AUG 28 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

In support of this motion, Plaintiff states as follows:

Plaintiff's reply in support of his Motion for Sanctions and Expedited Discovery was presently due on August 3, 2026.

Plaintiff respectfully requests an additional thirty days, through and including September 27, to file his reply.

On or about August 3, 2026, Plaintiff mailed a request for an extension of time to file his reply. Plaintiff mailed that request at approximately the same time he filed his opposition to Defendant's Motion to Dismiss.

Plaintiff has since reviewed the docket and discovered that his August 3, 2026, extension request does not appear on the docket. Plaintiff does not know why the earlier mailed request was not docketed. Plaintiff therefore submits this motion to ensure that the Court has before it a properly docketed request for an extension of time.

Plaintiff acted diligently and in good faith. He initially sought additional time on August 3, 2026, and he submits this renewed motion promptly after discovering that the earlier request had not been docketed.

Plaintiff remains incarcerated at the D.C. Jail, where he has experienced significant delays in sending and receiving mail. Those delays materially affect Plaintiff's ability to communicate with those with access to the docket, receive court-related correspondence and records, obtain supporting materials, and timely submit filings to the Court. Plaintiff submits this renewed request as soon as practicable after learning that the earlier request did not appear on the docket.

This is Plaintiff's first properly docketed request for an extension of the deadline to file his reply in support of the Motion for Sanctions and Expedited Discovery.

The central issue presented by Plaintiff's Motion for Sanctions and Expedited Discovery is whether Plaintiff can establish, by a preponderance of the evidence and, to the extent applicable, by clear and convincing evidence, that Defendant Cockson participated in a scheme to intimidate witnesses in this action and then falsely attribute that conduct to Plaintiff.

Plaintiff alleges that the scheme was designed to cause Judge Arthur, federal prosecutors, and other third parties to believe that Plaintiff had intimidated witnesses. Plaintiff further alleges that Defendant sought to induce Judge Arthur to impose restrictive controls upon Plaintiff's confinement in the D.C. Jail, thereby impairing Plaintiff's ability to litigate this civil action as a pro se plaintiff.

Plaintiff alleges that, on December 12, 2025, Defendant Cockson sent, or conspired with another person to send, an email to Judge Arthur and others using the address justiceforkillcockson@gmail.com. The email asked Judge Arthur to use the upcoming status conference "to get control of this defendant" and urged that "controls" be imposed upon Plaintiff in the D.C. Jail. Id.

Defendant now denies having sent, or having conspired to send, the December 12, 2025 email and claims that she does not know who sent it. Plaintiff maintains that Defendant had motive and opportunity to seek the intimidation of Plaintiff's witnesses and then to attribute that conduct to Plaintiff.

The December 15, 2025 Superior Court hearing traanscript is directly relevant to the disputed issues. That hearing concerned Plaintiff's lack of medical care in the D.C. Jail. During the hearing, Judge Arthur and the prosecutor addressed communications received personally from Defendant Cockson. Plaintiff understands that Defendant asked to participate in Plaintiff's hearing

so that she could claim that Plaintiff had intimidated witnesses and improperly sued her in this civil action.

The relief Defendant sought through her direct communications to the Superior Court substantially mirrored the relief sought in the December 12, 2025 email: Superior Court intervention and the imposition of restrictions or "controls" upon Plaintiff while he was confined in the D.C. Jail.

Plaintiff further understands that, during the December 15, 2025 hearing, Judge Arthur and the prosecutor stated that Defendant would not be permitted to participate in the hearing and that they would not respond to her requests. The transcript is therefore expected to bear directly on whether Defendant authored the December 12, 2025, email or, at minimum, participated in a coordinated effort concerning that email.

Plaintiff's criminal-defense counsel is seeking to have the December 15, 2025 hearing unsealed and to obtain the official transcript. Counsel believes that the process will require several additional weeks. Plaintiff requests this extension so that he may attach the transcript to his reply, if it becomes available, and present the Court with a complete and accurate factual record.

The requested thirty-day extension is limited, sought in good faith, and will not unfairly prejudice Defendant. Denial of the extension, however, would substantially prejudice Plaintiff by requiring him to submit his reply before he can obtain and present evidence central to his allegations of witness intimidation, retaliatory conduct, and interference with his ability to litigate this action.

Granting this request will affect no deadline other than the deadline for Plaintiff's reply in support of his Motion for Sanctions and Expedited Discovery.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and extend Plaintiff's deadline to file his reply in support of his Motion for Sanctions and Expedited Discovery by thirty days, through and including September 27, 2026, and grant such other and further relief as the Court deems just and proper.

Dated: August 28, 2026

Respectfully submitted,

/s/ Shon R. Hopwood
Shon Robert Hopwood
DC DC #374088
Central Detention Facility
1901 D Street, SE
Washington, DC 20003

**CERIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, I have placed a true and correct copy of the foregoing Motion for An Extension of Time to File a Reply in the US Mail to opposing counsel via US Mail:

Michelle S. Kallen
Joseph Sanderson
Steptoe LLP
1330 Connecticut Ave., NW
Washington, D.C. 20036-1795

/s/ Shon R. Hopwood
Shon Robert Hopwood

Signature Page

Shon Hopwood